IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DUENAS, O.D., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1147-O |
| | § | |
| HYATT CORPORATION d/b/a | § | |
| HYATT REGENCY DFW, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #31) filed April 21, 2008. Plaintiffs have also filed a Memorandum in Support (Doc. #33) of their motion for leave and an Appendix (Doc. #32) with exhibits in support of the motion. Defendant did not file a response. Having reviewed the motion, arguments, appendix, and applicable law, the Court finds that Plaintiffs have not shown good cause. Accordingly, Plaintiffs' motion for leave to file a second amended complaint is DENIED.

## I. BACKGROUND

On June 25, 2007, Plaintiffs Michael Duenas and his wife B. Suzi Ruhl filed this suit against Defendant Hyatt Corporation d/b/a Hyatt Regency DFW ("Hyatt") alleging claims of negligence, strict liability, and loss of consortium. (Pl. First Am. Compl. at 3). They seek damages for personal injuries Mr. Duenas sustained when he fell off a stage at the hotel. *Id.* In the motion presently before the Court, Plaintiffs seek leave to amend their complaint and add new claims against an additional defendant, the American Optometric Association. (Pl. Ex. 3). Plaintiffs contend leave to amend should be freely granted under Rule 15(a) of the Federal Rules of Civil Procedure because

1

the amended pleading will not prejudice Defendant Hyatt. (Mot. at 3; Mem. at 3).

## II. DISCUSSION

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to enter a scheduling order that "limit[s] the time to join other parties, amend pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). Here, the Court entered a scheduling order that set April 15, 2008, as the deadline to file motions for leave to amend pleadings. *See* Doc. No. 15 (3:07-CV-1147-O) (N.D. Tex. Sept. 12, 2007). The Court's scheduling order also set November 16, 2007, as the deadline to file motions for leave to join other parties. *Id*. The record shows Plaintiffs' motion for leave to amend the complaint was filed on April 21, 2008, six days after the deadline to amend pleadings expired. *See* Doc. No. 31 (3:07-CV-1147-O) (N.D. Tex. Apr. 21, 2008). Because Plaintiffs filed their motion for leave to amend the complaint after the deadline set in the scheduling order expired, their motion "implicitly requests that the court amend the scheduling order." *The Richards Group, Inc. v. Brock*, Civil Action No. 3:06-CV-0799-D, 2008 WL 1722250, at *1 (N.D. Tex. Apr. 14, 2008).

When the motion for leave to amend is filed after the deadline in the scheduling order has expired, the Court must first determine whether to modify the scheduling order under the good cause standard set forth in Rule 16(b)(4). *See* FED. R. CIV. P. 16(b)(4); *see also S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, the Court considers four factors: '(1) the explanation for the failure to timely move for leave; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Additionally, in determining whether to modify its scheduling order, the

Court considers not only the facts of a case, but also the handling of the court's calendar and demands upon the court's time. *See HG Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 550 (5th Cir. 2000). If the Court finds that Plaintiffs satisfy the requirements under Rule 16(b), the Court next determines whether to grant leave to amend pursuant to the more liberal standards of Rule 15(a). *S & W Enters., L.L.C.*, 315 F.3d at 536.

Plaintiffs have not based their motion on Rule 16(b)(4). Instead, Plaintiffs rely solely on Rule 15(a) and argue that Defendant Hyatt will not be prejudiced by Plaintiffs' amended pleading. (Mem. at 3). While the absence of prejudice to the nonmovant is relevant to the analysis under Rule 15(a), it is insufficient to establish the "good cause" standard under Rule 16(b). *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Further, Plaintiffs explain that Defendant Hyatt had initally moved to file a third-party complaint against the American Optometric Association, but then withdrew its motion on April 3, 2008 without any explanation. (Mot. at 2). These facts do not address why Plaintiffs did not independently seek to amend their complaint to allege claims against the American Optometric Association within the deadlines established by the Court. Plaintiffs offer no explanation why they delayed investigation of their potential claims against the American Optometric Association or why they could not have asserted claims against this defendant at the time they filed suit. Plaintiffs also fail to address whether the joinder of a new Defendant at this time will delay the litigation, or require extending the unexpired deadlines for discovery, motions, pretrial materials, or reopening expired deadlines for expert disclosures, etc. As a whole, Plaintiffs' arguments do not address the relevant Rule 16(b)(4) standard.

Importantly, this case has been pending in this Court since June 25, 2007. Doc. No. 1 (3:07-CV-1147-O) (N.D. Tex. Jun. 25, 2007). A scheduling order governing the litigation has been in

3

place since September 12, 2007. *See* Doc. No. 15 (3:07-CV-1147-O) (N.D. Tex. Sept. 12, 2007). A jury trial is scheduled on the Court's docket for December 1, 2008. *See* Doc. No. 25 (3:07-CV-1147-O) (N.D. Tex. Apr. 2, 2008). Further, the deadline for completion of discovery will expire on August 1, 2008. *See* Doc. No. 15 (3:07-CV-1147-O) (N.D. Tex. Sept. 12, 2007). Allowing Plaintiffs to amend their complaint and join a new Defendant at this late date will surely impact all the current litigation deadlines and the trial setting in this case. Yet, Plaintiffs' motion does not address any of these factors. The Court therefore finds Plaintiffs have not shown good cause to support any modifications to the scheduling order. Accordingly, Plaintiffs' Motion for Leave to File Second Amended Complaint is hereby DENIED without prejudice.

**SO ORDERED** on this 25th day of June, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**